Billy M. COFER, Appellant,

v.

Helen E. COFER, Appellee.

No. 10367.

Court of Civil Appeals of Texas.

Austin.

Jan. 31, 1956.

Rehearing Denied Feb. 22, 1956.

J. W. Thomas, Belton, for appellant.

Lee Curtis, Belton, for appellee.

HUGHES, Justice.

This suit was brought January 18, 1955, by Billy M. Cofer, an army sergeant, against Helen E. Cofer for annulment of their marriage which was ceremoniously contracted August 8, 1951, upon the ground that appellee was incurably impotent at the time of marriage and if mistaken in this then that fraud was practised upon him in that appellee entered into the marriage with the intent never to consummate it by cohabitation.

At the conclusion of appellant's evidence the court instructed the attendant jury to return a verdict for appellee. This was done and judgment was rendered denying appellant any relief.

In excepting to the court's ruling in instructing the jury appellant offered into the record, for the purpose of his bill, the depositions of appellee and Dr. Helen M. Denham, neither of which had been previously admitted or tendered in evidence and to which we will later refer.

Appellant testified that following the marriage he and appellee went on a honeymoon of a month's duration and that he lived with her until October 19, 1951, when he was sent overseas; upon his return October 21, 1954, he lived with appellee at her mother's home in South Carolina until November 18, 1954, when he was sent to Fort Hood, Texas. During the Christmas holidays appellant returned to South Carolina for appellee and they returned and lived in an apartment near Fort Hood until January 18, 1955, when appellee left and did not return.

Appellant, regarding his marital experiences, testified that although he had tried he had never succeeded in having a complete act of intercourse with appellee. He gave this testimony:

"Q. Then you did not think that she was incapable of the act, did you? A. I did not, sir.

"Q. And you don't think so now, do you? A. I don't think so now, no, sir."

Appellant also testified that he took appellee to a doctor in Denver, Colorado, in 1951 and that after examining her the doctor advised him that she was capable of having sexual intercourse.

While he was overseas appellant received a letter from appellee saying that she had submitted to an operation in order that they could enjoy each other when he returned.

The only other witness was Major Garrett Nalley, a chaplain, who testified to a

**214**

conversation with appellee shortly before she left Fort Hood about her domestic troubles "and she stated that it was a case of sexual incompatibility, and that she was not able to perform the acts of a wife, and that she had tried three separate times during the course of their marriage,[1] that neither of them had been successful and that she had no intention of trying to make a further go of it." The Major further quoted her as saying "I have no intention of making him a wife."

In appellee's depositions, above referred to, she stated that she had had frequent sexual intercourse with her husband.

Dr. Denham, in her deposition, stated that she had examined appellee in November, 1952, and at later dates and that no physical abnormalities were demonstrated and that appellee was capable of having sexual intercourse.

It is our opinion that the judgment rendered below should be affirmed for the reason that the evidence is not full and satisfactory that grounds for annulment are shown as is required by law. Christoph v. Sims, Tex.Civ.App., 234 S.W.2d 901, Dallas, writ ref., N.R.E.

 In reaching this conclusion we have, in addition to the above admitted evidence, considered the long delay by appellant in bringing suit, the fact that when he did sue he was not then qualified to sue for divorce in Texas and the further possibility, reflected by the evidence, that if appellee obtained a divorce in South Carolina alimony might be awarded.

Art. 4628, Vernon's Ann.Civ.St., authorizes dissolution of a marriage "where the causes alleged therefor shall be natural or incurable impotency of body" at the time of marriage. "Natural or incurable impotency" have the same meaning except perhaps as to origin because "natural impotency" denotes incurability. Griffith v. Griffith, 162 Ill. 368, 44 N.E. 820. To constitute impotency the incapacity must be incurable. 55 C.J.S. Marriage, § 13, pp. 826–827, 35 Am.Jur. pp. 256–258; Viermann v. Viermann, Mo.App., 213 S.W.2d 259.

There is no evidence in this record that appellee was impotent since there is no evidence that the impairment, if any, of her sexual capacity was permanent or incurable.

We also fail to find any evidence that appellee was guilty of fraud in marrying appellant. Her statement that "I have no intention of making him a wife" was made more than three years after the marriage and when their separation was imminent. The reference was to her present and future intention, not the past.

The evidence shows that appellee tried to be a wife and even submitted to surgery in order to be more fit. This, in our opinion, refutes the implication, if any there be in the record, that appellee did not enter the marriage in good faith.

No error appearing, the judgment of the trial court is affirmed.

---

1. As we construe the record this refers to the three periods during which the parties lived together.